IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN : : : : : : : : | CIVIL ACTION NO. 08-5488 |
| v. : : | |
| ALLIANCE ELEVATOR CORP. : | |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, J.**                                                                                       **March 18, 2009**

This is an action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001-1461 ("ERISA"). The matter comes before the court on plaintiffs' unopposed Motion for Entry of Judgment by Default and Motion for Attorney's Fees and Costs (paper no. 8). The motions will remain under advisement and the court will hold an evidentiary hearing to allow plaintiffs an opportunity to present evidence in support of their claim.

**I.      BACKGROUND**

Plaintiffs are trustees of the above-named "multi-employer employee benefit plans"[1] (hereinafter, the "Elevator Benefit Plans"), administered in Newtown Square, Pennsylvania. Compl. ¶ 2 (paper no. 1). Defendant, a Massachusetts corporation with offices located in New Hampshire, "transacts business in Massachusetts as a contractor or subcontractor in the elevator

---

[1] ERISA defines a "multiemployer plan" as "a plan – (i) to which more than one employer is required to contribute, (ii) which is maintained pursuant to one or more collective bargaining agreements between one or more employee organizations and more than one employer, and (iii) which satisfies such other requirements as the Secretary may prescribe by regulation." 29 U.S.C. § 1002(37)(A).

industry. . ..." Compl. ¶ 3 (paper no. 1). Plaintiffs allege defendant breached its contractual obligation to contribute monthly payments to the Elevator Benefit Plans required by a collective bargaining agreement. Plaintiffs filed this action under 29 U.S.C. § 1132(g) for allegedly unpaid contributions, liquidated damages, interest, attorney's fees and costs.

Plaintiffs aver that defendant was served with process and failed to appear in this action. On February 4, 2009, the Clerk of Court entered a default against defendant "for failure to appear, plead or otherwise defend." (Paper no. 7.) Plaintiffs now move for entry of judgment by default pursuant to Federal Rule of Civil Procedure 55.

**II.    DISCUSSION**

The court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 because plaintiffs' claim arises under ERISA, an Act of Congress regulating commerce.

**A.    Personal Jurisdiction and Service of Process**

Defendant is a nonresident corporation with no apparent contacts with Pennsylvania. Plaintiffs served defendant with process in New Hampshire by delivering a copy of the summons and complaint to defendant's president at his private residence. (Paper no. 5.) Because the sufficiency of service and existence of personal jurisdiction are essential to a valid judgment, the court considers these matters *sua sponte*. See Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside.").

To enter a valid judgment, constitutional due process requires that a federal court first obtain personal jurisdiction over a defendant. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996) ("It is fundamental that before a court may impose upon a defendant a

personal liability or obligation in favor of the plaintiff or may extinguish a personal right of the defendant it must have first obtained jurisdiction over the person of the defendant.").[2] Absent defendant's consent, a court may obtain personal jurisdiction by effective service of a properly issued summons where: (1) a federal rule or statute renders the defendant amenable to service of process; and (2) the requirements of constitutional due process are satisfied by a sufficient relationship between the defendant and judicial forum. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-445 (1946).

### 1. Statutory Authorization of Service

Federal Rule of Civil Procedure 4(k)(1) provides that personal jurisdiction is established when service of summons is authorized by a federal statute.[3] ERISA authorizes nationwide service of process without regard to a defendant's contacts with the state in which the district court is located:

---

[2] See, e.g., Burnham v. Superior Court of Cal., 495 U.S. 604, 608-609 (1990) ("The proposition that the judgment of a court lacking jurisdiction is void traces back to the English Year Books and was made settled law by Lord Coke in Case of the Marshalsea. Traditionally that proposition was embodied in the phrase *coram non judice*, 'before a person not a judge' -- meaning, in effect, that the proceeding in question was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a judgment.") (citations omitted).

[3] Federal Rule of Civil Procedure 4(k)(1) provides:

(k) Territorial Limits of Effective Service.
   (1) In General. Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
     (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
     (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
     (C) when authorized by a federal statute.

> Where an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, *and process may be served in any other district where a defendant resides or may be found*.

29 U.S.C. § 1132(e)(2) (emphasis added).  This provision renders a defendant amenable to service of process in any judicial district in the United States and provides a nationwide forum for actions brought under ERISA.  Service of process under ERISA must comply with the manner of service prescribed by Federal Rule of Civil Procedure 4, authorizing service on a corporation "by delivering a copy of the summons and of the complaint to an officer . . . authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h).

Plaintiffs brought this action under ERISA in the Eastern District of Pennsylvania, the judicial district where the Elevator Benefit Plans are administered.  On December 13, 2008, plaintiffs served Paul Ahern, president of defendant Alliance Elevator Corporation, with the summons and complaint at his private residence in Windham, New Hampshire.  (Paper no. 5.)  Defendant was amenable to service of process in New Hampshire because its president was found in a judicial district of the United States.  29 U.S.C. § 1132(e)(2).  Plaintiffs properly effectuated service of process by delivering the summons and complaint to an officer of the defendant corporation.  Fed. R. Civ. P. 4(h).

    **2.**    **Due Process**

To afford fair warning that a particular activity may subject it to jurisdiction within the territory of a sovereign government, constitutional due process requires that a corporate defendant has at least minimum contacts with the judicial forum of the sovereignty.  See <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985).  Where a federal statute such as ERISA

creates a nationwide judicial forum, a defendant may be subjected to personal jurisdiction anywhere within the sovereign territory of the United States.  The United States Supreme Court has refrained from deciding whether "a federal court could exercise personal jurisdiction, consistent with the Fifth Amendment, based on an aggregation of the defendant's contacts with the Nation as a whole, rather than on its contacts with the State in which the federal court sits."  Omni Capital, 484 U.S. at 103 n.5 ("We have no occasion to consider the constitutional issues raised by this theory.").  However, in United States v. Union P. R. Co., the Court held, "The jurisdiction of the Supreme Court and the Court of Claims is not confined by geographical boundaries.  Each of them, having by the law of its organization jurisdiction of the subject-matter of a suit, and of the parties thereto, can, sitting at Washington, exercise its power by appropriate process, served anywhere within the limits of the territory over which the Federal government exercises dominion."  United States v. Union P. R. Co., 98 U.S. 569, 603 (1879).  The Court also held that "Congress clearly has the power to authorize a suit under a federal law to be brought in any inferior federal court.  Congress has power, likewise, to provide that the process of every district court shall run into every part of the United States."  Robertson v. Railroad Labor Board, 268 U.S. 619, 622 (1925).

     Recent opinions by courts of appeals permit the exercise of personal jurisdiction in a federal civil action under a statutory authorization of nationwide service of process without regard to the defendant's contacts with the state in which the district court is located.  The Third Circuit Court of Appeals, "persuaded by the reasoning of [its] prior opinions on the subject, and, consistent with several . . . sister courts of appeals," held that a federal court may exercise personal jurisdiction based on a defendant's national contacts when the plaintiff's claim rests on

a federal statute authorizing nationwide service of process. In Pinker v. Roche Holdings, Ltd., a Swiss corporation was held subject to personal jurisdiction in the District of New Jersey under the nationwide service of process provision of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. 292 F.3d 361, 369 (3d Cir. 2002). Service pursuant to 15 U.S.C. § 78aa established personal jurisdiction because: (1) the defendant availed itself of the privileges of American law and could reasonably anticipate being involved in litigation in the United States; and (2) it would not offend traditional notions of fair play and substantial justice to subject the defendant to personal jurisdiction in a United States court. Pinker, 292 F.3d at 370.

The Third Circuit Court of Appeals has not considered the due process implications of ERISA's nationwide service of process provision, but other courts of appeals have concluded that the statute is constitutional. Board of Trustees v. Elite Erectors, Inc., 212 F.3d 1031 (7th Cir. 2000). See, e.g., United Electrical Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1085 (1st Cir. 1991) (dicta that 29 U.S.C. § 1132(e)(2) permits nationwide extraterritorial service); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1056-57 (2d Cir. 1993) (personal jurisdiction established under the nationwide service of process provision of ERISA's Multiemployer Pension Plan Amendments Act, 29 U.S.C. § 1451(d)); Bellaire General Hospital v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 825-26 (5th Cir. 1996) (personal jurisdiction established pursuant to 29 U.S.C. § 1132(e)(2)). But see Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1213 (10th Cir. 2000) ( Due Process Clause of the Fourteenth Amendment requires that a defendant served pursuant to 29 U.S.C. § 1132(e)(2) have minimum contacts with the judicial district where the action was filed).

In Board of Trustees v. Elite Erectors, Inc., 212 F.3d 1031 (7th Cir. 2000), trustees of

pension funds administered in Virginia filed ERISA claims in the Eastern District of Virginia against Indiana residents who allegedly failed to make pension contributions required by a collective bargaining agreement.  The defendants, having been served in Indiana, defaulted and the Virginia district court entered judgment by default.  When the plaintiffs initiated collection proceedings in the Southern District of Indiana, the defendants claimed the Virginia district court's entry of judgment by default was void for lack of personal jurisdiction; the Indiana district court vacated the judgment.  The Seventh Circuit Court of Appeals, reversing the Indiana district court's *vacatur* order, held ERISA's nationwide service of process provision constitutional.  Elite Erectors, 212 F.3d at 1035-37 (explaining that the due process interests of defendants are protected by statutes authorizing change of venue[4] and recovery of costs by a prevailing party[5]).

      This court, persuaded by the weight of authority holding that personal jurisdiction is established by service of process in accordance with 29 U.S.C. § 1132(e)(2), may exercise personal jurisdiction over defendant consistent with constitutional due process.  ERISA subjects defendant to personal jurisdiction in any judicial district of the United States.  Defendant's activities in Massachusetts, including the employment of union labor in its elevator construction business, afforded fair warning that defendant would be subject to jurisdiction in a United States court for ERISA claims arising from allegedly unpaid pension plan contributions.  This action

---

   [4] 28 U.S.C. sec.1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

   [5] 29 U.S.C. sec.1132(g) provides that a prevailing party may recover reasonable attorney's fees and costs in an ERISA action.

against defendant in the Eastern District of Pennsylvania rather than the District of Massachusetts does not offend traditional notions of fair play and substantial justice. Defendant could have filed a motion to transfer the action to a more convenient venue.

### 3. Waiver to Right to Due Process

Under Federal Rule of Civil Procedure 12(h), objections to personal jurisdiction are waived unless affirmatively asserted. Defendant waived its personal jurisdiction defense by failing to file a timely and proper responsive pleading.[6] However, because ERISA clearly establishes a basis for personal jurisdiction, the court exercises personal jurisdiction under 29 U.S.C. § 1132(e)(2) rather than defendant's waiver under Rule 12(h). See, e.g., Gambone v. Lite-Rock Drywall Corp., 124 Fed. Appx. 78, 80 n.1 (3d Cir. 2005) (persuasive authority that where a federal statute clearly authorizes personal jurisdiction, the district court should apply the statute before considering a defendant's waiver of objections to personal jurisdiction).

## B. Judgment by Default

The entry of judgment by default is left primarily to the discretion of the district court.

---

[6] On December 31, 2008, the Clerk of Court received a letter from Paul J. Ahern, president of defendant Alliance Elevator Corporation. The *re* line of the letter stated the caption of this action; the body of the letter, in its entirety, stated, "We would like to plead not guilty." (Paper no. 2.) Mr. Ahern did not identify himself as an attorney admitted to practice in this court and is not listed as a licenced attorney with the Disciplinary Board of the Supreme Court of Pennsylvania. A corporation must be independently represented by an attorney, not one of its officers. Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966). See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("a corporation may appear in the federal courts only through licensed counsel"). A corporate officer cannot represent a corporation as a *pro se* litigant. See Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) ("appearance *pro se* denotes (in law Latin) appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity. Thus it is well established that a layperson may not represent a corporation. . .."). The court granted plaintiffs' motion to strike Mr. Ahern's response from the docket. (Paper no. 6.) Because Mr. Ahern's letter was stricken as improper, the letter does not constitute a responsive pleading.

Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). The Third Circuit Court of Appeals has repeatedly expressed a preference that cases be resolved on the merits rather than by default judgment. See Hritz, 732 F.2d at 1181. The court generally considers three factors to determine whether a default judgment should be entered: (1) whether prejudice to the plaintiff would result if judgment by default were denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the default was caused by the defendant's culpable conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

Plaintiffs aver defendant failed to make monthly contributions to the Elevator Benefit Plans from May 2008 to October 2008 required by a collective bargaining agreement entered into by defendant and the International Union of Elevator Constructors. Compl. ¶¶ 4 - 9 (paper no. 1). The agreement, attached to plaintiffs' Motion for Entry of Judgment by Default, was signed by Paul J. Ahern on behalf of defendant on January 13, 2005. (Paper no. 8.) The agreement states, "I understand that by executing this document, the below named employer agrees to the terms of the Standard Agreement between Elevator Contractors of America Multi-employer Bargaining Group and the International Union of Elevator Constructors that is effective on July 9, 2002 and expires on July 8, 2007." (Paper no. 8.) Plaintiffs explicitly base their claim for contributions from May 2008 to October 2008 on a contract that, on its face, contains an expiration date of July 8, 2007. See Pl.'s Memorandum in Support of Motion for Entry of Judgment at pp. 2 - 3 (paper no. 8).

While a court ordinarily does not consider the merits on a motion for judgment by default where the defendant has failed to appear or defend, plaintiffs have affirmatively presented evidence suggesting they are not entitled to relief. Prejudice to plaintiffs would not result if

judgment by default were denied because plaintiffs' exhibit suggests they are not entitled to their requested relief. It appears defendant has a litigable defense, *i.e.*, that it would not be liable for failing to perform under an expired contract. Although defendant's culpability in failing to appear weighs in favor of granting judgment by default, on balance, granting judgment by default is not warranted based on the evidence of record.

Federal Rule of Civil Procedure 55(b)(2) provides, in pertinent part, "the Court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . establish the truth of any allegation by evidence or investigate any other matter." The court will hold an evidentiary hearing to allow plaintiffs an opportunity to present evidence in support of their claim.

### III. CONCLUSION

Plaintiffs properly effectuated service of process and the court has personal jurisdiction over defendant. Defendant failed to appear or defend in this action, but plaintiffs are not entitled to entry of judgment by default because they have submitted evidence suggesting they are not entitled to relief. The court will hold an evidentiary hearing to allow plaintiffs an opportunity to present evidence supporting their claim. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN** | : : : : : : : : | **CIVIL ACTION NO. 08-5488** |
| **v.** | : : | |
| **ALLIANCE ELEVATOR CORP.** | : | |

**ORDER**

AND NOW, this 18th day of March, 2009, upon consideration of plaintiffs' unopposed Motion for Entry of Judgment by Default and Motion for Attorney's Fees and Costs (paper no. 8), it is **ORDERED** that the court will hold an evidentiary hearing on **April 14, 2009 at 10 a.m.** in Courtroom 10A at which plaintiffs may present evidence supporting their claims for relief.

/s/ Norma L. Shapiro
J.